■ FLORENCE HYMANSON, Appellant, v A.L.L. ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. GALVIN BROS, INC., Third-Party Defendant-Respondent. [751 NYS2d 756] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated September 17, 2001, as granted the defendant's motion for summary judgment dismissing the complaint and that branch of the cross motion of the third-party defendant which was for the same relief.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

While it is generally true that the finding of the existence of a dangerous or defective condition depends on the peculiar facts and circumstances of each case and is ordinarily a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976), not every determination poses a jury question. "[A] property owner may not be held liable in damages for 'trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection' " (*Marinaccio v LeChambord Rest.,* 246 AD2d 514, 515, quoting *Guerrieri v Summa,* 193 AD2d 647). Thus, alleged defects may, as a matter of law, be too trivial to be actionable (*see Neumann v Senior Citizens Ctr.,* 273 AD2d 452).

The plaintiff seeks to recover damages for personal injuries

allegedly sustained when she tripped and fell in the defendant's parking lot. Unable to describe the size of the alleged crack in the pavement, the plaintiff submitted a photograph that both she and her husband represented accurately reflected the condition of the pavement at the time of the plaintiff's fall. Scrutiny of the photograph and the other evidence in the record supports the conclusion that, as a matter of law, the alleged defect, which did not have any of the characteristics of a trap or nuisance, was too trivial to be actionable (*see Trincere v County of Suffolk, supra*; *Neumann v Senior Citizens Ctr., supra*). Accordingly, the Supreme Court did not err in granting the motion and that branch of the cross motion which was for summary judgment dismissing the complaint. Ritter, J.P., O'Brien, Goldstein and Townes, JJ., concur.