■ BLANCA VELEZ, Appellant, v INSTITUTE OF DESIGN AND CONSTRUCTION, INC., et al., Respondents. [782 NYS2d 755]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Johnson, J.), dated October 4, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court dated August 8, 2003, as denied that branch of her motion which was for leave to reargue and upon granting that branch of the motion which was for leave to renew, adhered to the original determination.

Ordered that the appeal from the order dated October 4, 2002, is dismissed, as that order was superseded by so much of the order dated August 8, 2003, as was made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated August 8, 2003, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and further,

Ordered that the order dated August 8, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts and circumstances of each case, and is properly a question of fact for the jury" (*Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]).

"However, trivial defects are not actionable, and in determining whether a defect is trivial, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Pennella v 277 Bronx Riv. Rd. Owners*, 309 AD2d 793, 794 [2003]; *see Trincere v County of Suffolk*, 90 NY2d 976 [1997]). Here, based on the photographs depicting the area where the plaintiff fell, as well as other evidence presented, the Supreme Court properly found that the alleged defect which caused the plaintiff to trip and fall was trivial and not actionable as a matter of law (*see Hymanson v A.L.L. Assoc.*, 300 AD2d 358 [2002]; *Gonzalez v Board of Educ. of City of Yonkers*, 298 AD2d 358 [2002]). The color photographs submitted in support of the motion, inter alia, for leave to renew did not warrant a different result.

Moreover, the Supreme Court properly found that Administrative Code of the City of New York §§ 27-375 and 27-376 does not apply to this case (*see Savarese v Sacred Hearts & St. Stephen's Church*, 309 AD2d 848 [2003], *lv denied* 2 NY3d 708 [2004]; *Gaston v New York City Hous. Auth.*, 258 AD2d 220 [1999]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.