■ MARIA OUTLAW, Respondent-Appellant, v CITIBANK, N.A., Appellant-Respondent. [826 NYS2d 642]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), entered April 7, 2005, which, upon, inter alia, the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence on the issue of liability, and a jury verdict, is in favor of the plaintiff and against it on the issue of liability, and the plaintiff cross-appeals from so much of the same judgment as awarded her the sums of only $156,000 for past pain and suffering and $150,000 for future pain and suffering.

Ordered that the judgment is reversed, on the law, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic in light of the determination of the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"While it is generally true that the finding of the existence of a dangerous or defective condition depends on the peculiar facts and circumstances of each case and is ordinarily a question of fact for the jury, not every determination poses a jury question" (*Hymanson v A.L.L. Assoc.*, 300 AD2d 358 [2002]; *Trincere v County of Suffolk*, 90 NY2d 976 [1997]). Injuries resulting from trivial defects are generally not actionable (*see Velez v Institute of Design & Constr., Inc.*, 11 AD3d 453, 454 [2004]; *Sanna v Wal-Mart Stores*, 271 AD2d 595 [2000]; *Hecht v City of New York*, 89 AD2d 524 [1982], *mod on other grounds* 60 NY2d 57 [1983]). In determining whether a defect is trivial, the court must examine all of the facts presented "including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury" (*Sanna v Wal-Mart Stores, supra* at 595; *see Trincere v County of Suffolk, supra*). However, "[a] property owner may not be held liable in damages for 'trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might

merely stumble, stub his [or her] toes or trip over a raised projection' " (*Hymanson v A.L.L. Assoc., supra* at 358; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]; *Marinaccio v LeChambord Rest.*, 246 AD2d 514, 515 [1998]).

The plaintiff testified that before her fall she did not see what she slipped on, but afterward she turned back and saw a "light patch" on the top stair which allegedly caused her to slip and fall. Neither the plaintiff or her expert took any measurements of this "light patch," other than noting that it was located approximately 18 inches away from the right-hand edge of the staircase landing. The photographs of the stair introduced into evidence by the plaintiff show the patch to be a small, worn, rectangular-shaped area on the metal safety treads at the edge of the step. It has no sharp edges and appears shallow. The plaintiff's expert's testimony as to how the worn spot may have developed is without foundation and his conclusions drawn therefrom were nothing more than mere speculation (*see Romano v Stanley*, 90 NY2d 444 [1997]). After examination of the photographs and the other evidence in the record, we find that, as a matter of law, the alleged defect did not have the characteristics of a trap and was too trivial to be actionable (*see Trincere v County of Suffolk, supra*; *Mendez v De Milo*, 17 AD3d 328 [2005]; *Hymanson v A.L.L. Assoc., supra*; *Riser v New York City Hous. Auth.*, 260 AD2d 564 [1999]).

In any event, "[a]lthough the issue of proximate cause is generally one to be determined by the finder of fact, it is the function of the court to determine if a prima facie case of causation has been established in the first instance" (*Rubinfeld v City of New York*, 263 AD2d 448, 450 [1999]). It was the plaintiff's initial burden at trial to show that the "defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see Kush v City of Buffalo*, 59 NY2d 26 [1983]). In addition to alleging that the defendant had a defective stair, the plaintiff also alleged that the defendant was negligent in failing to provide sufficient lighting over the staircase upon which she fell. However, the plaintiff testified that, at the time of her fall, she was looking straight ahead and did not see the light patch before her fall. Consequently, no matter what the lighting condition, it was not a proximate cause of her fall.

Accordingly, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the evidence on the issue of liability should have been granted and the complaint dismissed.

In light of our determination, the parties' remaining conten-

tions have been rendered academic. Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.