■ GAETANA RYAN et al., Appellants, v KRT PROPERTY HOLDINGS, LLC, et al., Respondents. [845 NYS2d 431]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated August 25, 2006, as granted those branches of the separate motions of the defendants KRT Property Holdings, LLC, KRT Property Holdings Manager, LLC, and Lilac De, LLC, and the defendants National Wholesale Liquidators, Inc., doing business as National Wholesale Liquidators and National Wholesale Liquidators of Yonkers, Inc., doing business as National Wholesale Liquidators, which were for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of their cross motion which was for additional discovery, and (2) from so much of an order of the same

court dated December 6, 2006, as denied their cross motion for leave to renew and reargue.

Ordered that the order dated August 25, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated December 6, 2006 as denied that branch of the plaintiffs' cross motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 6, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The injured plaintiff tripped and fell while exiting a shopping center. The area where she fell contained a walkway with an asphalt ramp cut into it to allow customers to drive up to the curb to load merchandise into their vehicles. The injured plaintiff was traversing this walkway towards the parking lot, watching for oncoming traffic, when she put her left foot down to discover that "there was no sidewalk there" and fell. The plaintiffs commenced this action against the alleged owners of the shopping center, the defendants KRT Property Holdings, LLC, KRT Property Holdings Manager, LLC, and Lilac de, LLC (hereinafter collectively KRT), and the alleged lessees of a store in the shopping center near where she fell, the defendants National Wholesale Liquidators, Inc., doing business as National Wholesale Liquidators and National Wholesale Liquidators of Yonkers, Inc., doing business as National Wholesale Liquidators (hereinafter collectively NWL). The plaintiffs claimed that the injured plaintiff fell as a result of a drop in the sidewalk at the point that the ramp was cut into it, which constituted a danger-ous or defective condition. By order dated August 25, 2006, the Supreme Court, inter alia, granted those branches of KRT's and NWL's separate motions which were for summary judgment dismissing the plaintiffs' complaint insofar as asserted against them. The court found that the plaintiffs failed to raise a triable issue of fact as to the existence of a defect or dangerous condi-tion upon which liability could be found. We affirm that order insofar as appealed from.

KRT and NWL established their prima facie entitlement to summary judgment by demonstrating, through the injured plaintiff's deposition testimony and an expert's affidavit, that there was no defect at the accident site which proximately caused the injuries (*see Siegel v Monsey New Sq. Trails Corp.*, 40 AD3d 960, 961-962 [2007]). The plaintiffs failed to raise a triable issue of fact in response. The plaintiffs' expert opined

that the slope of the blacktop lane deviated from the requirements of the 1995 New York State Uniform Fire Prevention and Building Code by .09 degrees. However, the expert did not indicate that these code provisions were in effect when the building was constructed. There is no evidence as to when the building was constructed or that any major renovations occurred that would make these provisions applicable. Accordingly, the plaintiffs' reliance on this alleged code violation is misplaced (*see Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593, 594 [2004]).

Moreover, even if the deviation in the slope was a defect, "[a] property owner may not be held liable in damages for trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble . . . or trip" (*Outlaw v Citibank, N.A.*, 35 AD3d 564, 564-565 [2006] [internal quotation marks and citations omitted]; *Hymanson v A.L.L. Assoc.*, 300 AD2d 358 [2002]). "In determining whether a defect is trivial, the court must examine all of the facts presented 'including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place and circumstances of the injury' " (*Outlaw v Citibank, N.A.*, 35 AD3d at 564, quoting *Sanna v Wal-Mart Stores*, 271 AD2d 595, 595 [2000]; *see Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]). A deviation of .09 degrees is too trivial to be actionable, especially in light of the fact that the accident took place in full daylight, in an area with which the injured plaintiff admitted she was familiar, and which was painted yellow in order to attract a prudent observer's attention.

Moreover, even if the height differential of six inches between the curb and the bottom of the ramp exceeded applicable standards, there is no evidence as to exactly where along the border between the sidewalk and the ramp the injured plaintiff fell. Accordingly, a finding that this disparity caused her accident would be purely speculative (*see Koller v Leone*, 299 AD2d 396, 397 [2002]).

The plaintiffs also failed to establish that the industry standards they cite are applicable to what constituted, as the injured plaintiff admitted at her deposition, a driving lane for use by customers in picking up and dropping off items at the premises.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.