■ JUDITH SMITH et al., Appellants, v WILERDAM PROPERTY, INC., Doing Business as ROTTERDAM SQUARE MALL, Respondent. [857 NYS2d 742]—

Malone Jr., J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered November 29, 2006 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On October 14, 2003, plaintiff Judith Smith fell and injured herself while walking on a sidewalk in front of an entrance to the Rotterdam Square Mall in the Town of Rotterdam, Schenectady County. The fall occurred when she twisted her foot on a crack between two sidewalk slabs of differing heights. Thereafter, Smith and her husband, derivatively, commenced this negligence action against defendant, the owner of the mall. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, resulting in this appeal.

Viewing the evidence in the light most favorable to plaintiffs, we find that defendant's motion for summary judgment was properly granted (*see Lamarre v Rensselaer County Plaza Assoc.*, 303 AD2d 914, 914 [2003]). It is well settled that " '[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection' " (*Guerrieri v Summa*, 193 AD2d 647, 647 [1993], quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]; *see Outlaw v Citibank, N.A.*, 35 AD3d 564, 564-565 [2006]). "In determining whether a defect is trivial, the court must examine all of the facts presented 'including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury' " (*Outlaw v Citibank, N.A.*, 35 AD3d at 564, quoting *Sanna v Wal-Mart Stores*, 271 AD2d 595, 595 [2000]; *see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]).

Undisputed evidence was presented here that, at the time of

Smith's fall, the weather was sunny, the pavement was clean and free of debris, and the sidewalk was generally level and in good condition. Moreover, she had previously used the sidewalk on more than one occasion without incident. Plaintiffs' expert measured the height differential of the slabs where she fell to be one-quarter inch. Under these circumstances, and absent any indication that the crack presented a trap or nuisance, Supreme Court properly found the sidewalk defect to be so trivial that it was not actionable as a matter of law (*see e.g. Murray v City of New York*, 15 AD3d 636 [2005] [height differential of one-half inch not actionable]; *Trionfero v Vanderhorn*, 6 AD3d 903 [2004] [height differential between five eighths and seven eighths of an inch not actionable]; *Neumann v Senior Citizens Ctr.*, 273 AD2d 452 [2000] [height differential of seven eighths of an inch not actionable]). While plaintiffs opposed defendant's motion by submitting an affidavit of their expert stating that pictures depicted the differential to be greater than one-quarter inch, this was insufficient to raise a question of fact. Accordingly, the complaint was properly dismissed.

Cardona, P.J., Mercure, Spain and Stein, JJ., concur. Ordered that the order is affirmed, with costs.