JOANN GUERRIERO, Appellant, v FERDINAND JAND et al., Respondents. [870 NYS2d 12]—

Plaintiff fell on a marble step that contained a hairline crack and allegedly a small v-shaped chip, and her deposition testimony showed that the accident occurred in a lighted area that she traveled several times a day. The Jand defendants established a prima facie entitlement to summary judgment since the alleged defect, which was six inches long and one sixty-fourth of an inch wide, was trivial, did not constitute a trap or nuisance, and was not actionable as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Martin v Lafayette Morrison Hous. Corp.*, 31 AD3d 300 [2006]). Plaintiff failed to raise a triable issue of fact in opposition.

Although TPM's motion for summary judgment was untimely, in light of the evidence showing the trivial nature of the defect, the court properly granted summary judgment to TPM pursuant to CPLR 3212 (b) (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [2006]). Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.