◼ ELEANOR TRUMBOLI, Appellant, v FIFTH AVENUE PAVING et al., Respondents. [873 NYS2d 742]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated June 4, 2007, which, upon an order of the same court entered February 2, 2007, granting the motion of the defendant Fifth Avenue Paving for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendants Coma Realty Corp. and Gateway Inn, Inc., for the same relief, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when she tripped and fell over a depression in a parking lot owned by the defendant Coma Realty Corp. and managed by the defendant Gateway Inn, Inc.

The plaintiff had, without incident, traversed the area in question a short while prior to the accident. Furthermore, she acknowledged at her deposition that she could not judge whether or not the depression was deep.

Although the issue of whether a dangerous or defective condition exists on property is generally one for the trier of fact, some defects are trivial and, therefore, not actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Chillemi v National Birchwood Corp.*, 16 AD3d 612 [2005]). Here, considering all the facts and circumstances of this case, including a review of the photographs of the purported "dip" or depression in the parking lot where the plaintiff fell, the Supreme Court properly concluded that the defendants made a prima facie showing that the alleged defect upon which the plaintiff tripped, which had no characteristics of a trap or snare, was trivial and, therefore, not actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Chillemi v National Birchwood Corp.*, 16 AD3d 612 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Miller, J.P., Angiolillo, Belen and Chambers, JJ., concur.