■ ALMA ENCARNACION, Respondent, v TEGFORD REALTY LLC et al., Appellants. [876 NYS2d 375]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered October 15, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff fell on defendants' staircase when her foot twisted in a "crater" or "hole" on the third step. The defect had appar-

ently been there since plaintiff moved into the building more than two years earlier, although at the time of the accident, she was on her way out for an activity, and was not paying attention as she descended the stairs.

Accepting that the photos in the record accurately depicted the condition of the steps on the date of the accident, defendants established a prima facie entitlement to summary judgment. The trivial depression in the step did not constitute a trap or nuisance, and was not actionable as a matter of law (*Guerriero v Jand*, 57 AD3d 365 [2008]; *see generally Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Gaud v Markham*, 307 AD2d 845 [2003]).

Plaintiff's submissions did not sufficiently raise an issue of fact. Her expert did not dispute that the depression in the step was no more than one-quarter inch. While he claimed that this differential was not trivial when combined with a 4.4% transverse slope in the staircase, he did not establish that such a slope constitutes a dangerous condition (*see Ryan v KRT Prop. Holdings, LLC*, 45 AD3d 663 [2007]). Furthermore, plaintiff, in her bill of particulars and deposition testimony, did not claim that the accident was caused by the degree of slope to the next step. Plaintiff identified the spot on the step where she fell and did not establish that the entire step, with its minimal differentials, constituted a snare or trap, leaving her no safe place to walk. Rather, she testified that she was aware of the condition, had walked over it for years, had never tripped before, and was simply not paying attention this time when she fell. Nor did the deposition testimony of the building superintendent establish that the defect was a trap or snare, or was not trivial. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.