■ ANN KOZNESOFF, Respondent, v FIRST HOUSING COMPANY, INC., Appellant. [904 NYS2d 101]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Flaherty, J.), entered October 23, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell from the first step

below the landing of an exterior staircase at a premises owned by the defendant. The plaintiff alleged that there was a chip in the subject step, which was made out of mortar and pebbly stones. The defendant moved for summary judgment, contending that the alleged defect at issue was trivial and not actionable. The Supreme Court denied the motion. We reverse.

Although the issue of whether a dangerous or defective condition exists on property generally is one for the trier of fact, some defects are trivial, not constituting a trap or nuisance and, therefore, not actionable (*see Trumboli v Fifth Ave. Paving*, 59 AD3d 706 [2009]; *see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Rosello v City of New York*, 62 AD3d 980 [2009]; *Pennella v 277 Bronx Riv. Rd. Owners*, 309 AD2d 793 [2003]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity, and appearance of the defect, along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]).

Here, the defendant met its burden of establishing entitlement to judgment as a matter of law by submitting photographs and the deposition testimony of the plaintiff which revealed that the alleged defect, which did not have any of the characteristics of a trap or nuisance, was trivial and, therefore, not actionable (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Fisher, J.P., Santucci, Miller and Lott, JJ., concur.