STEVEN ETKIN et al., Appellants, v ALBANY MEDICAL CENTER et al., Respondents. [910 NYS2d 577]—

Spain, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 10, 2009 in Saratoga County, which, among other things, granted a cross motion by defendant Albany Medical Center for summary judgment dismissing the complaint.

In this action, plaintiff Steven Etkin (hereinafter plaintiff) seeks to recover damages for an injury he allegedly sustained when he stumbled while walking up an exterior ramp leading to an entrance of a building owned by defendant Albany Medical Center (hereinafter AMC). The ramp was built by defendant AOW Corporation to provide additional access to the building during a construction project. Plaintiff and his wife, derivatively, commenced the instant action against defendants for damages, alleging that the ramp had been improperly maintained and presented a dangerous and defective condition in that the metal threshold connecting it to the sidewalk was missing screws and had become raised or bent up. Both defendants moved for summary judgment and, finding that the allegedly dangerous condition was trivial as a matter of law, Supreme Court granted AMC's cross motion and dismissed the action against both defendants. Plaintiffs now appeal.

We affirm. " '[T]he owner of a public passageway may not be

cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his [or her] toes, or trip over a raised projection' " (*Guerrieri v Summa*, 193 AD2d 647, 647 [1993], quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]). Here, defendants met their initial burden of proof by submitting evidence that, given the "width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury," the alleged defect was too trivial to be actionable (*Smith v Wilerdam Prop., Inc.*, 50 AD3d 1349, 1349 [2008] [internal quotation marks and citations omitted]; *see Outlaw v Citibank, N.A.*, 35 AD3d 564, 564 [2006]). Several individuals who regularly used the ramp testified that no defect was apparent, including an AMC employee who pushed patients in wheelchairs up and down the ramp several times immediately prior to plaintiff's accident and who encountered no difficulties. Another AMC employee who replaced two screws in the threshold immediately after plaintiff's accident testified that, at that time, the threshold was flush with the sidewalk. Finally, the weather was dry and plaintiff was familiar with the ramp, having used it several times previously without incident.

Plaintiff contends that he stumbled on a raised threshold, whereupon he twisted his body and grasped the handrail, injuring his neck. He concedes, however, that he did not see an elevated condition prior to tripping and that his foot may have caught in the threshold and raised it further when he tripped. Significantly, plaintiffs did not submit any evidence concerning the alleged differential in height between the threshold and the sidewalk and ramp.

Accordingly, all evidence demonstrates that, if the threshold was raised at all, the differential between the threshold and the sidewalk was minimal. Further, inasmuch as plaintiffs failed to offer any evidence that the threshold presented a trap, snare or nuisance, Supreme Court properly found the alleged defect to be so trivial that it was not actionable as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Smith v Wilerdam Prop., Inc.*, 50 AD3d at 1350; *Trionfero v Vanderhorn*, 6 AD3d 903, 904 [2004]).

In light of our holding, we need not reach the issue of whether either or both defendants were responsible for the maintenance of the ramp.

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.