■ KATHLEEN GROSSKOPF, Respondent, v 8320 PARKWAY TOWERS CORP. et al., Appellants. [930 NYS2d 661]—

During the afternoon of March 25, 2006, the plaintiff allegedly was injured when she fell while descending the lobby stairs of her Brooklyn apartment building, which was owned by the defendant 8320 Parkway Towers Corp., and managed by the defendant Superior Realty Group, LLC. The plaintiff attributed her fall to a chip in the second step from the bottom of the five-step marble stairway. The defendants moved for summary judgment dismissing the complaint on the ground that, as a matter of law, the chip was a nonactionable trivial defect. The Supreme Court denied the motion. We reverse.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993] [internal quotation marks omitted]; *see Dery v K Mart Corp.*, 84 AD3d 1303, 1304 [2011]). However, some defects are trivial and, therefore, not actionable as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Fontana v Winery*, 84 AD3d 863, 864 [2011]; *Trumboli v Fifth Ave. Paving*, 59 AD3d 706 [2009]). For a court to determine whether a defect is trivial as a matter of law, it must examine all of the facts presented including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place, and circumstances of the injury (*see Trincere v County of Suffolk*, 90 NY2d at 978; *Losito v JP Morgan Chase & Co.*, 72 AD3d 1033, 1034 [2010]; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]; *Pennella v 277 Bronx Riv. Rd. Owners*, 309 AD2d 793, 794 [2003]).

Here, the defendants met their prima facie burden of

establishing their entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony and photographs of the subject staircase. The plaintiff testified at her deposition that she used the subject staircase on a daily basis and had never observed any chip in the steps, that the area where she fell was well-lit, that the stairs were free of liquid or debris, and that nothing obstructed her view as she descended the stairs. In addition, the plaintiff had used the subject stairs without incident shortly before her fall. Regarding the alleged defect, the evidence revealed that it consisted of a chip measuring less than two inches wide, located almost entirely on the nosing of the second to last step from the bottom, and not on the walking surface. Upon an examination of all of the facts presented, the alleged defect did not possess the characteristics of a trap or nuisance, was trivial and, therefore, not actionable (*see Koznesoff v First Hous. Co., Inc.*, 74 AD3d 1027, 1028 [2010]; *Losito v JP Morgan Chase & Co.*, 72 AD3d at 1034; *Chillemi v National Birchwood Corp.*, 16 AD3d 612, 612-613 [2005]; *Guerriero v Jand*, 57 AD3d 365, 366 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Koznesoff v First Hous. Co., Inc.*, 74 AD3d at 1028; *Guerriero v Jand*, 57 AD3d at 366). Since the expert affidavit submitted by the plaintiff was speculative, conclusory, and unsupported by any evidence in the record, it was insufficient to raise a triable issue of fact (*see Micciola v Sacchi*, 36 AD3d 869, 871 [2007]; *Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Belen, Roman and Miller, JJ., concur.