■ IWONA MACIASZEK, Appellant, v LEONARD SLONINSKI et al., Respondents. [963 NYS2d 382]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered August 4, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she fell on an interior staircase of the apartment building where she resided, which was owned by the defendants. The plaintiff alleged that she was walking down the staircase when she slipped on a hole in one of the steps connecting the first floor to the second floor, and fell. The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and, therefore, not actionable. The Supreme Court granted the motion.

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Rogers v 575 Broadway Assoc., L.P.*, 92 AD3d 857 [2012]; *Sokolovskaya v Zemnovitsch*, 89 AD3d 918 [2011]; *Koznesoff v First Hous. Co., Inc.*, 74 AD3d 1027 [2010]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [citation and internal quotation marks omitted]).

Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the alleged defect at issue was trivial and, therefore, not actionable. The plaintiff testified at her deposition that the semi-circular hole was one inch in diameter, half an inch deep, and located at the edge of the step. She used the staircase all the time, and she never had a problem traversing the area prior to the accident. Under the circumstances presented here, the alleged defect did not possess the characteristics of a trap or nuisance, and was trivial and, therefore, not actionable (*see Sawicki v Conklin Realty Co., LLC*, 94 AD3d 1083 [2012]; *Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d 765 [2011]; *Sulca v Barry Hers Realty, Inc.*, 29 AD3d 779 [2006]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The new theory of liability espoused by the plaintiff for the first time on appeal is not properly before this Court (*see Walker v George*, 97 AD3d 741 [2012]). Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.