*1039 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), entered April 16, 2013, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when he fell while descending stairs in an apartment building owned by the defendant. The plaintiff attributed his fall to a chip in the edge of the second step from the bottom of the five-step stairway. The defendant moved for summary judgment dismissing the complaint on the ground that, as a matter of law, the chip was a nonactionable trivial defect. The Supreme Court denied the motion.
“[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765 [2011]; Perez v 655 Montauk, LLC, 81 AD3d 619 [2011]; Aguayo v New York City Hous. Auth., 71 AD3d 926, 927 [2010]; Bolloli v Waldbaum, Inc., 71 AD3d 618 [2010]). “However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip” (Aguayo v New York City Hous. Auth., 71 AD3d at 927; see Joseph v Villages at Huntington Home Owners Assn., Inc., 39 AD3d 481, 482 [2007]; Outlaw v Citibank, N.A., 35 AD3d 564 [2006]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, “including the width, depth, elevation, irregularity and appearance of the defect along with the ‘time, place and circumstance’ of the injury” (Trincere v County of Suffolk, 90 NY2d at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]; see Grosskopf v 8320 Parkway Towers Corp., 88 AD3d at 765). “[T]here is no ‘minimal dimension test’ or per se rule that a defect must be of a certain minimum height or depth in order to be actionable” (Trincere v County of Suffolk, 90 NY2d at 977). “Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable” (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984 [2011]; see Aguayo v New York City Hous. Auth., 71 AD3d at 927; Fisher v JRMR Realty Corp., 63 AD3d 677, 678 [2009]; Outlaw v Citibank, N.A., 35 *1040 AD3d 564, 565 [2006]; Maiello v Eastchester Union Free School Dist., 8 AD3d 536, 536-537 [2004]).
Here, the defendant met its prima facie burden of establishing its entitlement to judgment as a matter of law by submitting, inter alia, the plaintiffs deposition testimony, photographs of the subject staircase, and the affidavit of its expert. The evidence revealed that the alleged defect consisted of a chip measuring about 374 inches wide and about inch deep, located almost entirely on the edge of the second to last step from the bottom, and not on the walking surface. Upon an examination of all of the facts presented, we find that the alleged defect was trivial, did not possess the characteristics of a trap or nuisance, and, therefore, was not actionable (see Maciaszek v Sloninski, 105 AD3d 1012, 1013 [2013]; Grosskopf v 8320 Parkway Towers Corp., 88 AD3d at 766; Chillemi v National Birchwood Corp., 16 AD3d 612, 612-613 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Grosskopf v 8320 Parkway Towers Corp., 88 AD3d at 765).
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
Mastro, J.E, Roman, Hinds-Radix and LaSalle, JJ., concur.