Stanley v New York City Hous. Auth. (2018 NY Slip Op 03726)





Stanley v New York City Hous. Auth.


2018 NY Slip Op 03726


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-05994
 (Index No. 20734/13)

[*1]Tasheem Stanley, respondent, 
v
New York City Housing Authority, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant.
Bader & Yakaitis, LLP, New York, NY (Michael Caliguri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated March 30, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On July 28, 2013, at approximately 1:00 a.m., the plaintiff allegedly tripped and fell on the raised nosing of a step on an interior staircase in a residential building in Brooklyn owned by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the grounds that the alleged defect was trivial and/or was not a proximate cause of the plaintiff's injuries. The plaintiff opposed the motion. The Supreme Court denied the motion, and the defendant appeals.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79).
Here, the defendant's expert reviewed the transcript of the plaintiff's examination pursuant to General Municipal Law § 50-h, together with color photographs identified and marked by the plaintiff during that examination, which depicted the exact location of the alleged defect. The expert also conducted an inspection of the accident location. Based on his review and inspection, the expert averred that the alleged defect was located three inches from the left stairway wall, directly underneath the handrail. Moreover, the height differential between the nosing and the stair measured one-half inch at its greatest depth. Considering the location of the alleged defect, which was not on a walking surface of the stairway (see Maciaszek v Sloninski, 105 AD3d 1012; Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765, 766; Puma v New York City Tr. Auth., 55 AD3d 585), together with all other relevant surrounding circumstances, the defendant established, prima facie, that the alleged defect was trivial (see Atkinson v Key Real Estate Assoc., LLC, 142 AD3d 871; [*2]Maciaszek v Sloninski, 105 AD3d at 1013; Sulca v Barry Hers Realty, Inc., 29 AD3d 779, 779-780). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court