Rambarran v New York City Tr. Auth. (2019 NY Slip Op 00484)





Rambarran v New York City Tr. Auth.


2019 NY Slip Op 00484


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-00181
 (Index No. 7003/13)

[*1]Anesa Rambarran, respondent, 
v
New York City Transit Authority, appellant.


Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Howard G. Lane, J.), dated November 17, 2015, which, after bifurcated jury trials on the issues of liability and damages, and upon the denial of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, is in favor of the plaintiff and against the defendant in the principal sum of $650,000.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is granted, and the complaint is dismissed.
The plaintiff Anesa Rambarran allegedly tripped and fell when the heel of her shoe was caught on a bolt protruding from the sidewall of a stairwell owned and maintained by the defendant. The plaintiff commenced this action against the defendant, alleging negligence and seeking to recover damages for personal injuries.
At the close of the plaintiff's case on the issue of liability, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that the alleged defect, which was not located within the walking surface of the stairway, was trivial. The motion was denied. The jury thereafter returned a liability verdict in favor of the plaintiff, finding, inter alia, that the premises were not reasonably safe and that the defendant was negligent. After a separate trial on the issue of damages, the court entered judgment in favor of the plaintiff and against the defendant in the principal sum of $650,000.
Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977). In some instances, however, the trivial nature of the defect may be determined by the court as a matter of law (see id. at 977). In determining whether a defect is trivial as a matter of law, there is no minimal dimension test or per se rule. Instead, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance' of the injury" (id. at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66). "Photographs which fairly and accurately represent the accident site may be used to establish that [*2]a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the plaintiff's evidence at trial included her own testimony, the testimony of her expert engineer, as well as photographs identified and marked by the plaintiff showing the alleged defect as it existed at the time of the subject accident. Accepting such evidence as true, and affording the plaintiff every favorable inference that may be properly drawn from the facts presented (see Szczerbiak v Pilat, 90 NY2d 553, 556), the alleged defect was not actionable. Considering the appearance and dimensions of the protruding bolt, as well as its location on the sidewall of the staircase, directly underneath a handrail and away from the walking surface of the stairway (see Stanley v New York City Hous. Auth., 161 AD3d 1128; Maciaszek v Sloninski, 105 AD3d 1012; Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765, 766; Puma v New York City Tr. Auth., 55 AD3d 585; cf. Hutchinson v Sheridan Hill House Corp., 26 NY3d at 82), the defect was trivial as a matter of law. Accordingly, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint should have been granted (see Speredowich v Long Is. Rail Rd. Co., 164 AD3d 855).
In light of our determination, the defendant's remaining contentions need not be reached.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court