Charnov v New York City Bd. of Educ. (2019 NY Slip Op 02453)





Charnov v New York City Bd. of Educ.


2019 NY Slip Op 02453


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8844 308310/11

[*1]Naomi Charnov, Plaintiff-Appellant,
v
New York City Board of Education, et al., Defendants-Respondents.


Stavros E. Sitinas, LLC, Garden City (Lisa M. Comeau of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about January 26, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was allegedly injured after she tripped over a missing floor tile while she was walking in a hallway in a school building owned by defendant New York City Board of Education. Defendant Temco Service Industries, Inc. was providing janitorial services at the time of the accident. It is undisputed that the subject location was repaired the day after the accident.
Supreme Court properly dismissed the complaint against defendants. Plaintiff's deposition testimony shows that she knew the defect was there, she was able to successfully avoid it for about four months before the accident, she had "no idea" what the height differential was between the missing tile and the surrounding floor, there was nothing on the floor or in the section of missing tile when she fell, and nothing made it difficult for her to see the alleged defect when she fell (see Thomas v Dever Props. LLC, 115 AD3d 459, 460 [1st Dept 2014]; Maciaszek v Sloninski, 105 AD3d 1012, 1013 [2d Dept 2013]; Riley v City of New York, 50 AD3d 344 [1st Dept 2008]).
The motion court properly considered the out-of-state expert affidavit of Professional Engineer Duane R. Ferguson submitted by defendants in support of their summary judgment motion even though it lacked a certificate authenticating the authority of the notary who administered the oath, as required by CPLR 2309(c), because the absence of such a certificate is a mere irregularity and not a fatal defect, which could be disregarded by the motion court under CPLR 2001 given the fact that plaintiff has not alleged that she was prejudiced (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009). Defendants met their initial burden to show that the alleged defect was trivial and not actionable, because Ferguson averred that when one of the tiles that was repaired after the accident was removed, he measured the difference in height between the remaining floor tiles and the exposed concrete floor and found that there was an 1/8 inch height differential which complied with the 1968 Building Code of the City of New York Reference Standard RS 4-6 § 4.5.2 because that section permits a 1/4th difference in height (see Hunter v New York City Hous. Auth., 137 AD3d 717, 718 [1st Dept 2016], lv denied 28 NY3d 908 [2016]).
Although the burden shifted to plaintiff, she failed to raise a triable issue of fact as to whether the alleged defect's intrinsic characteristics or the surrounding circumstances magnified the dangers it posed and unreasonably imperiled her safety (see Myles v Spring Val. Marketplace, LLC, 141 AD3d 425, 427 [1st Dept 2016]). The affidavit from plaintiff's coworker averring that she saw that there was a 1/4 inch height differential between the exposed concrete floor and the surrounding tile after the accident fails to raise a triable issue of fact, because even if her measurement about the alleged defect's size is correct that differential is permissible under the [*2]1968 Building Code.
Furthermore, the coworker's averment that she tripped over the missing tile does not raise a triable issue of fact because she did not allege that she told anyone about her accidents before plaintiff fell. Finally, the coworker's claim that she looked at the concrete floor where the floor tile was missing after plaintiff fell and saw that it was rough, uneven and appeared to be covered in dried glue fails to raise a triable issue of fact because it conflicts with plaintiff's deposition testimony that it was the difference in height between the tiles and the concrete floor that caused the accident (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 318-320 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK