■ ELLIOT SMITH et al., Appellants-Respondents, v BAY HARBOUR ASSOCIATES, L.P., Respondent-Appellant, LUK-SHOP, LLC, Respondent, and APW SUPERMARKETS, INC., Doing Business as WALDBAUM'S, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. LEUCADIA NATIONAL CORPORATION, Third-Party Defendant-Respondent. [863 NYS2d 38]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated September 8, 2006, as granted that branch of the cross motion of the defendant Luk-Shop, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, (2) the defendants third-party plaintiffs APW Supermarkets, Inc., doing business as Waldbaum's, and Great Atlantic & Pacific Tea Company, Inc., doing business as Waldbaum's, cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the cross motion of the defendant Luk-Shop, LLC, which was for summary judgment dismissing the cross claims asserted by them against that defendant, and (3) the defendant Bay Harbour Associates, L.P., a Delaware limited partnership, separately cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the cross motion of the defendant Luk-Shop, LLC, which was for summary judgment dismissing the cross claims asserted by it against that defendant and that branch of the separate cross motion of the third-party defendant Leucadia National Corporation which was for summary

judgment dismissing its cross claims against the third-party defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Luk-Shop, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs, the defendant-respondent-appellant, and the defendants third-party plaintiffs-respondents-appellants, appearing separately and filing separate briefs, payable by the defendant Luk-Shop, LLC, and one bill of costs to the third-party defendant, payable by the defendant-respondent-appellant.

On September 1, 2000 the plaintiff Elliot Smith (hereinafter the plaintiff) allegedly sustained personal injuries while making a delivery to a supermarket owned by the defendants third-party plaintiffs APW Supermarkets, Inc., doing business as Waldbaum's, and Great Atlantic & Pacific Tea Company, Inc., doing business as Waldbaum's, in the Bay Harbour Mall (hereinafter the Mall) in Nassau County. According to the plaintiff, he fell when a cart that he was pushing hit a "hole in the ground," causing the front wheel of the cart to lock. The plaintiffs commenced the instant action against several defendants, including Luk-Shop, LLC (hereinafter Luk-Shop), the owner of the Mall, alleging, among other things, that Luk-Shop had constructive notice of the defective condition that allegedly caused the accident. The Supreme Court, inter alia, granted Luk-Shop's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We modify the order and deny Luk-Shop's cross motion.

For a defendant to have constructive notice of a defect, the defect must be visible and apparent, and must exist for a sufficient length of time before the accident so as to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, Luk-Shop failed to establish its prima facie entitlement to judgment as a matter of law by showing that it did not have constructive notice of the alleged defect (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rather, Luk-Shop's submissions reveal that a triable issue of fact exists as to whether the alleged defect existed for a sufficient period of time for it to have discovered and remedied it in the exercise of reasonable care (see Pearson v Parkside Ltd. Liab. Co., 27 AD3d

539 [2006]). Accordingly, Luk-Shop's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been denied.

The parties' remaining contentions are without merit. Rivera, J.P., Lifson, Florio and Leventhal, JJ., concur.