■ BIRGIT MAYO, Respondent, v GEORGE T. SANTIS et al., Appellant. [905 NYS2d 21]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered on or about November 17, 2009, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

In exercising its function of issue-finding rather than issue-determination (see Insurance Corp. of N.Y. v Central Mut. Ins. Co., 47 AD3d 469, 472 [2008]), the motion court properly determined that photographs of defendants' stair step, upon which plaintiff tripped and fell, demonstrated not only the quarter-inch rise at the edge of the step where plaintiff testified she tripped, but also the approximately 12 inches of missing bullnose protector and an exposed nail in the middle of the step. Based on these photographs, a jury could also reasonably conclude that this step was more worn than the steps beneath it and was surfaced with slippery linoleum. This presents a question of fact as to whether the condition of the step constituted a defect that—despite its triviality (see Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [2000])—nonetheless had the characteristics of a trap or a snare (see Rivera v 2300 X-tra Wholesalers, 239 AD2d 268 [1997]).

We have considered defendants' other contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.