■ JOSEPH DEPASCALE et al., Respondents-Appellants, v E&A CONSTRUCTION CORP., Defendant/Third-Party Plaintiff-Respondent-Appellant, PETER GISOLFI ASSOCIATES, Respondent-Appellant, and JMOA ENGINEERING, P.C., et al., Respondents, et al., Defendants. MCS FLOOR COVERING SERVICES, INC., Third-Party Defendant/Second Third-Party Plaintiff-Appellant-Respondent, et al., Third-Party Defendants; PRIDE CARPET INC., Second Third-Party Defendant-Respondent-Appellant. [904 NYS2d 109]—

In an action to recover damages for personal injuries, etc., (1) the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated February 5, 2009, as denied those branches of its motion which were for summary judgment dismissing the complaint and dismissing the third-party complaint insofar as asserted against it, and granted those branches of the motion of the defendant Peter Gisolfi Associates which were for summary judgment on its cross claims for contractual indemnification and to recover damages for breach of contract insofar as asserted against it, (2) the second third-party defendant, Pride Carpet, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint and dismissing the second third-party complaint, (3) the defendant/third-party plaintiff, E&A Construction Corp., cross-appeals from so much of the same order as denied those branches of the motion of the defendant Peter Gisolfi Associates which were for summary judgment dismissing the complaint insofar as asserted against that defendant, denied those branches of the motions of the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., and the second third-party defendant, Pride Carpet Inc., which were for summary judgment dismissing the complaint, and granted those branches of the motion of the defendant Peter Gisolfi Associates which were for

summary judgment on the cross claims for contractual indemnification and to recover damages for breach of contract insofar as asserted against it, (4) the defendant Peter Gisolfi Associates cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (5) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the motion of the defendant JMOA Engineering, P.C., which were for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the motion of the defendant/third-party plaintiff, E&A Construction Corp., which were for summary judgment dismissing the complaint insofar as asserted against it, granted those branches of the motion of the defendant Anastos Engineering Associates which were for summary judgment dismissing the complaint insofar as asserted against it, and denied those branches of their cross motion which were for summary judgment on the issue of liability insofar as asserted against the defendants JMOA Engineering, P.C., E&A Construction Corp., and Anastos Engineering Associates.

Ordered that the cross appeal by the defendant/third-party plaintiff, E&A Construction Corp., from so much of the order as denied those branches of the motion of the defendant Peter Gisolfi Associates which were for summary judgment dismissing the complaint insofar as asserted against that defendant and denied those branches of the motions of the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., and the second third-party defendant, Pride Carpet Inc., which were for summary judgment dismissing the complaint, is dismissed, as it is not aggrieved by that portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law and on the facts, (1) by deleting the provision thereof denying that branch of the motion of the defendant Peter Gisolfi Associates which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying those branches of the motion of the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., which were for summary judgment dismissing the complaint and dismissing the third-party complaint insofar as asserted against it, and substituting therefor a provision granting those branches of the motion, (3) by deleting the provision thereof denying those branches of the motion of the second

third-party defendant, Pride Carpet, Inc., which were for summary judgment dismissing the complaint and dismissing the second third-party complaint, and substituting therefor a provision granting those branches of the motion, (4) by deleting the provision thereof granting those branches of the motion of the defendant Peter Gisolfi Associates which were for summary judgment on its cross claims for contractual indemnification and to recover damages for breach of contract insofar as asserted against the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., and the defendant/third-party plaintiff, E&A Construction Corp., and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., insofar as cross-appealed from by the second third-party defendant, Pride Carpet, Inc., the defendant Peter Gisolfi Associates, and the plaintiffs, and insofar as reviewed on the cross appeal by the defendant/third-party plaintiff, E&A Construction Corp.; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc., the second third-party defendant, Pride Carpet, Inc., the defendant/third-party plaintiff, E&A Construction Corp., the defendant Peter Gisolfi Associates, and the defendant JMOA Engineering, P.C., payable by the plaintiffs.

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007] [internal quotation marks omitted]). Exceptions to this general rule are: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* [citation and internal quotation marks omitted]). A contracting party launches a force or instrument of harm when, "while engaged affirmatively in discharging a contractual obligation, [it] creates an unreasonable risk of harm to others, or increases that risk" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]).

Here, the defendants JMOA Engineering, P.C., and E&A

Construction Corp. (hereinafter E&A) established their entitlement to judgment as a matter of law by demonstrating that neither of them owed a duty of care to the plaintiffs (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 138; *Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257). In opposition, the plaintiffs failed to raise a triable issue of fact (*id.*).

Moreover, based on the testimony of the plaintiff Joseph DePascale that he tripped and fell because of a height differential of one quarter of an inch between floor tiles, the defendant Peter Gisolfi Associates (hereinafter Gisolfi) established its entitlement to judgment as a matter of law, as the alleged defect, which did not have any of the characteristics of a trap or snare, was trivial and, thus, not actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Zalkin v City of New York*, 36 AD3d 801 [2007]; *Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533 [2006]; *Sulca v Barry Hers Realty, Inc.*, 29 AD3d 779, 779-780 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*id.*). Accordingly, the Supreme Court should have granted Gisolfi's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Trincere v County of Suffolk*, 90 NY2d at 978; *Zalkin v City of New York*, 36 AD3d at 801; *Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d at 533; *Sulca v Barry Hers Realty, Inc.*, 29 AD3d at 779-780).

In light of our determination, E&A's third-party complaint for contractual indemnification insofar as asserted against the third-party defendant/second third-party plaintiff, MCS Floor Covering Services, Inc. (hereinafter MCS), and MCS's second third-party complaint for contractual indemnification against the second third-party defendant, Pride Carpet, Inc., also should have been dismissed (*see Neidhart v K.T. Brake & Spring Co.*, 55 AD3d 887, 889 [2008]).

The parties' remaining contentions are either academic in light of our determination or without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.