■ VERA SABINO, Appellant-Respondent, v 745 64TH REALTY ASSOCIATES, LLC, Respondent-Appellant. [909 NYS2d 482]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 11, 2009, as granted those branches of the defendant's motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and denied, as academic, those branches of her cross motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict on the issue of damages to the extent that it awarded her $0 for certain future damages and for a new trial solely on the issue of those future damages, and the defendant cross-appeals from so much of the same order as, in effect, denied that branch of its motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law in its favor dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law in its favor dismissing the complaint is granted, and that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). However, not every question involving an alleged defect should

be submitted to a jury and a court may find, as a matter of law, that a defect was so trivial as to not be actionable (*id.*).

A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Copley v Town of Riverhead*, 70 AD3d 623, 624 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481, 482 [2007]; *Outlaw v Citibank, N.A.*, 35 AD3d 564, 564-565 [2006]; *Guerrieri v Summa*, 193 AD2d 647 [1993]). "In determining whether a defect is trivial, the court must examine all of the facts presented including the width, depth, elevation, irregularity, and appearance of the defect along with the time, place and circumstances of the injury" (*Ryan v KRT Prop. Holdings, LLC*, 45 AD3d 663, 665 [2007] [internal quotation marks omitted]).

Here, reviewing the testimony and other evidence adduced at trial, we find that, as a matter of law, the alleged defect was not actionable, as it was trivial and did not possess the characteristics of a trap or nuisance. The evidence at trial revealed that, while at work, the plaintiff fell to the floor after her chair allegedly rolled backwards by itself when she got up to get something from a shelf above her desk. The plaintiff testified at trial that the chair rolled away on its own due to a slope in the floor. The plaintiff's forensic engineering expert testified that the slope in the floor measured one degree and was not visible to the naked eye. A slope of one degree is too trivial to be actionable, especially in light of the fact that the accident took place during daylight working hours in an area with which the plaintiff was admittedly familiar (*id.*). Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.