■ DONNA VANI et al., Appellants, v COUNTY OF NASSAU, Defendant, and LEVITTOWN UNION FREE SCHOOL DISTRICT NO. 5, Respondent. [909 NYS2d 742]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated July 27, 2009, which granted the motion of the defendant Levittown Union Free School District No. 5 for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Levittown Union Free School District No. 5 for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a height differential between two concrete slabs of a walkway leading to the entrance of the building of the defendant Levittown Union Free School District No. 5 (hereinafter the defendant). After the plaintiff commenced this action, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the alleged defect was trivial and not actionable. The Supreme Court granted the motion. We reverse.

"Although the issue of whether a dangerous or defective condition exists on property is generally one for the trier of fact, some defects are trivial and, therefore, not actionable" (*Trumboli v Fifth Ave. Paving*, 59 AD3d 706, 707 [2009]; *see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *James v Newport Gardens, Inc.*, 70 AD3d 1002 [2010]; *Pennella v 277 Bronx Riv. Rd. Owners*, 309 AD3d 793 [2003]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977). Here, the defendant failed to make a prima facie showing that the alleged defect in the walkway was trivial and thus

not actionable. The evidence submitted regarding the circumstances of the accident, including the deposition testimony, raises triable issues of fact as to whether the alleged defect was trivial or constituted a trap, snare, or nuisance (*see Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447 [2008]; *Portanova v Kantlis*, 39 AD3d 731 [2007]; *Mishaan v Tobias*, 32 AD3d 1000 [2006]). In light of the above, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Covello, Dickerson and Lott, JJ., concur.