■ DOROTHY PEREZ, Respondent, v 655 MONTAUK, LLC, Appellant. [916 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 25, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, as the defendant failed to establish its prima facie entitlement to judgment as a mater of law. Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Sabino v 745 64th Realty Assoc., LLC*, 77 AD3d 722 [2010]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]). In determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including

the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury (*see Sabino v 745 64th Realty Assoc., LLC*, 77 AD3d 722 [2010]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]).

Here, the evidence submitted by the defendant, including deposition testimony and photographs, was insufficient to demonstrate as a matter of law that the alleged defect was trivial, and therefore not actionable (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Hahn v Wilhelm*, 54 AD3d 896 [2008]; *Corrado v City of New York*, 6 AD3d 380 [2004]).

Furthermore, the defendant failed to demonstrate as a matter of law that it did not have constructive notice of the alleged defect. The defendant failed to establish, prima facie, that the alleged defect was not visible and apparent, and did not exist for a sufficient length of time to permit the defendant to discover and remedy it (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Giulini v Union Free School Dist. #1*, 70 AD3d 632 [2010]; *Smith v Bay Harbour Assoc., L.P.*, 53 AD3d 539 [2008]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.