■ Barbara Fontana et al., Appellants, v Benmarl Winery et al., Respondents, et al., Defendant. (And a Third-Party Action.) [923 NYS2d 594]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 22, 2010, as granted that branch of

the motion of the defendants Benmarl Winery and Victory Enterprises of Dutchess, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated August 13, 2010, as granted that branch of the motion of the defendant Bridge Creek Catering, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff Barbara Fontana (hereinafter the injured plaintiff) alleges she was injured when she slipped and fell on a raised mound of gravel that she felt but never saw while attending a wedding held at the defendant Benmarl Winery, which was catered by the defendant Bridge Creek Catering, LLC (hereinafter Bridge Creek). Immediately after the injured plaintiff fell, her husband, the plaintiff Theodore Fontana, looked at the ground and saw "loose gravel" and observed that the "ground was shuffled." The injured plaintiff, with her husband suing derivatively, commenced this action against, among others, Benmarl Winery, Victory Enterprises of Dutchess, LLC (hereinafter together the Winery), and Bridge Creek, to recover damages for personal injuries. The Winery and Bridge Creek (hereinafter together the defendants) separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The defendants alleged, among other things, that they did not have actual or constructive notice of the alleged hazard, nor did they create the alleged hazard and, in any event, the alleged hazard was trivial and nonactionable as a matter of law. In the orders appealed from, the Supreme Court, inter alia, granted the defendants' motions on the ground that each of the defendants had established, prima facie, that they had no notice of, and did not create, the alleged hazard and, in opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs appeal. We affirm the orders insofar as appealed from, but on a different ground.

"Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury" (*Perez v 655 Montauk, LLC*, 81 AD3d 619, 619 [2011]; *see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Vani v County of Nassau*, 77 AD3d 819 [2010]). However, some defects are so trivial as to be not actionable as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Vani v County of Nassau*, 77 AD3d at 819). "In determining whether a defect is

trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Perez v 655 Montauk, LLC*, 81 AD3d at 619-620; *see Trincere v County of Suffolk*, 90 NY2d at 977-978; *Sabino v 745 64th Realty Assoc., LLC*, 77 AD3d 722 [2010]).

The defendants established, prima facie, their entitlement to judgment as a matter of law on the ground that the alleged dangerous condition was trivial as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *DePascale v E&A Constr. Corp.*, 74 AD3d 1128, 1131 [2010]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.