■ JOSEPH DELANEY, Respondent, v TOWN SPORTS INTERNATIONAL, Doing Business as NEW YORK SPORTS CLUB, et al., Appellants. [930 NYS2d 247]—

The plaintiff allegedly was injured when he fell over a moveable wooden platform which had been placed on the tile floor of a sauna located within the defendants' premises. The platform was $1^1/2$ inches off the floor with a half-inch lip or overhang, and was located approximately $9^1/2$ inches from the sauna entrance door. The defendants moved for summary judgment contending, inter alia, that the platform did not constitute a defective condition or, alternatively, that any alleged defect was trivial in nature. The Supreme Court denied the motion. We affirm.

"Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury" (*Perez v 655 Montauk, LLC*, 81 AD3d 619, 619 [2011]; *see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Vani v County of Nassau*, 77 AD3d 819 [2010]). Although some defects are trivial and, therefore, not actionable as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Vani v County of Nassau*, 77 AD3d at 819), "[i]n determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Perez v 655 Montauk, LLC*, 81 AD3d at 619-620; *see Trincere v County of Suffolk*, 90 NY2d at 977-978; *Sabino v 745 64th Realty Assoc., LLC*, 77 AD3d 722 [2010]).

The defendants failed to establish their prima facie entitlement to judgment as a matter of law on the basis that the wooden platform did not constitute a defective condition (*see Mayo v Santis*, 74 AD3d 470 [2010]; *Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165 [2000]; *see also Mishaan v Tobias*, 32 AD3d 1000 [2006]) or that any defect was trivial in nature (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *DePascale v E&A Constr. Corp.*, 74 AD3d 1128, 1131 [2010]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012 [2010]; *Hahn v Wilhelm*, 54 AD3d 896 [2008]). Since the movants failed to establish their entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615 [2008]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30191(U).]**