■ Debora Sokolovskaya, Appellant, v Natalia Zemno-vitsch, Doing Business as Paradise II Resort and Another, et al., Respondents. [933 NYS2d 90]—

The plaintiff allegedly was injured when she tripped and fell on a partially raised floor plank at a resort owned by the defendants. The defendants moved for summary judgment dismissing the complaint on the grounds that the alleged defect was trivial as a matter of law and, in any event, that they lacked notice of it. In support of their motion, the defendants submitted, inter alia, the deposition testimony of their superintendent. The superintendent testified that he regularly inspected the resort premises each morning, including on the morning of the day of the plaintiff's accident, but did not see any defect in the subject floor, which is comprised of adjacent wooden planks. Each of the planks measure one inch in height and five inches in width. Upon a thorough inspection of the area after the plaintiff's fall, he noticed a height differential between the subject wooden plank and the adjacent plank. He did not measure the height differential. Based upon his personal observa-

tions and photographs taken by the plaintiff's daughter, he testified that the plank was partially raised about one quarter of an inch above the adjacent plank. The plaintiff's deposition testimony established that the lighting was sufficient for her to see where she was walking at the time of her accident.

In opposition to the motion, the plaintiff presented evidence including photographs of the accident location and the affidavit of the plaintiff's daughter in which she stated that she had taken the photographs the day after the accident, and that they fairly and accurately depicted the alleged defect. She did not measure the height differential, but stated her opinion that the plank was raised at least one inch above the adjacent plank.

The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, finding that the defendants established, prima facie, that they did not create or have notice of the alleged defect, and that the plaintiff failed to raise a triable issue of fact in opposition. We affirm, albeit on different grounds.

The defendants established, prima facie, their entitlement to judgment as a matter of law on the ground that the alleged defect was trivial as a matter of law. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). "However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Dery v K Mart Corp.*, 84 AD3d 1303, 1304 [2011]; *see Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1013 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]). "In determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect, along with the time, place, and circumstance of the injury" (*Fontana v Winery*, 84 AD3d 863, 864-865 [2011] [internal quotation marks omitted]; *see Trincere v County of Suffolk*, 90 NY2d at 978).

Here, considering the appearance of the alleged defect in the photographs, the testimony of the defendants' superintendent, and all relevant circumstances of the accident, the defendants established, prima facie, that the alleged defect did not possess the characteristics of a trap or nuisance and was too trivial to be actionable (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Hawkins v Carter Community*

*Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2007]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]; *Zalkin v City of New York*, 36 AD3d 801, 802 [2007]; *Taussig v Luxury Cars of Smithtown, Inc.*, 31 AD3d 533 [2006]). In opposition, the opinion of the plaintiff's daughter that the alleged elevation differential was at least an inch is unsupported by the photographs, which demonstrate, consistent with the testimony of the defendants' superintendent, that the elevation differential was less than one inch and closer to one quarter of an inch. Thus, the plaintiff failed to raise a triable issue of fact as to whether the alleged defect was trivial as a matter of law (*see Losito v JP Morgan Chase & Co.*, 72 AD3d 1033, 1034 [2010]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d at 746; *Dick v Gap, Inc.*, 16 AD3d 615, 615-616 [2005]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the plaintiff's remaining contention. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.