In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 3, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly fell due to a defect in a sidewalk abutting premises leased by the defendant JPMorgan Chase & Co., and owned by the defendant Robert Kaufman. Thereafter, the plaintiff commenced this action. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the alleged defect at issue was trivial and, in any event, that they did not have constructive notice of the alleged condition. The Supreme Court denied the motion.
“Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury” (Guidone v Town of Hempstead, 94 AD3d 1054, 1055 [2012]; see Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857, 858 [2012]; Sokolovskaya v Zemnovitsch, 89 AD3d 918, 919 [2011]; Richardson v JAL Diversified Mgt., 73 AD3d 1012, 1013 [2010]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the “width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injuiy” (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; see Perez v 655 Montauk, LLC, 81 AD3d 619, 619-620 [2011]; Fisher v JRMR Realty Corp., 63 AD3d 677, 678 [2009]).
*812 Here, the evidence submitted by the defendants, including the deposition testimony of the parties and photographs of the sidewalk abutting the defendants5 premises, was insufficient to demonstrate, as a matter of law, that the alleged defect was trivial, and, therefore, not actionable (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857 [2012]; Perez v 655 Montauk, LLC, 81 AD3d 619 [2011]; Mishaan v Tobias, 32 AD3d 1000 [2006]). Moreover, the defendants failed to demonstrate, as a matter of law, that they lacked constructive notice of the alleged defect (see Perez v 655 Montauk, LLC, 81 AD3d 619 [2011]; Bolloli v Waldbaum, Inc., 71 AD3d 618 [2010]). Since the defendants failed to meet their initial burden as the movants, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Balkin, J.E, Lott, Austin and Miller, JJ., concur.