■ HARDEV SAHNI, Respondent, v KITRIDGE REALTY CO., INC., et al., Appellants. [980 NYS2d 787]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 27, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he tripped and fell

due to a height differential in a sidewalk abutting premises owned by the defendant Kitridge Realty Co., Inc., and maintained by the defendant Building Management Company, Inc. (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect in the sidewalk was trivial and that, in any event, they lacked actual or constructive notice of the alleged defect. The Supreme Court denied the motion, and the defendants appeal.

Generally, whether a condition is dangerous or defective depends on the particular facts of each case, and is properly a question of fact for the jury unless the alleged defect is trivial as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Milewski v Washington Mut., Inc.*, 88 AD3d 853, 855 [2011]; *Delaney v Town Sports Intl.*, 88 AD3d 635, 636 [2011]). In determining whether an alleged defect is trivial as a matter of law, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Shmidt v JPMorgan Chase & Co.*, 112 AD3d 811 [2013]; *Milewski v Washington Mut., Inc.*, 88 AD3d at 855-856). Here, the evidence that the defendants submitted in support of their motion, including the photographs of the sidewalk where the plaintiff allegedly was injured, was insufficient to demonstrate as a matter of law, that the alleged defect was trivial and, therefore, not actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Shmidt v JPMorgan Chase & Co.*, 112 AD3d at 812; *Rogers v 575 Broadway Assoc., L.P.*, 92 AD3d 857, 858 [2012]; *cf. Milewski v Washington Mut., Inc.*, 88 AD3d at 856).

Additionally, the defendants' evidence did not demonstrate, prima facie, that the defendants lacked constructive notice of the alleged defect. The evidence did not establish that the alleged defect was not visible and apparent and did not exist for a sufficient length of time to permit the defendants to discover and remedy it (*see Perez v 655 Montauk, LLC*, 81 AD3d 619, 620 [2011]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]).

The defendants' remaining contentions, having been raised for the first time in the Supreme Court in the defendants' reply papers, are not properly before this Court (*see Adler v City of New York*, 52 AD3d 549, 550 [2008]).

Inasmuch as the defendants failed to satisfy their prima facie burden on their motion for summary judgment dismissing the complaint, it was unnecessary, as the Supreme Court correctly

noted, to consider whether the plaintiff's opposition papers raised a triable issue of fact (*see Long Is. Light. Co. v Town of N. Hempstead*, 101 AD3d 956, 956 [2012]; *Cruz v Advanced Concrete Leasing Corp.*, 101 AD3d 666, 667 [2012]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.