JHONNY ORTIZ, an Infant, by His Mother and Natural Guardian, LUISA ORTIZ, Appellant, v 82-90 BROADWAY REALTY CORPORATION, Respondent. [986 NYS2d 133]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered November 21, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly tripped and fell over a defect in a sidewalk abutting the defendant's premises. The plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the alleged defect at issue was trivial, and did not constitute a trap or nuisance, and was, thus, not actionable. The defendant further contended that, in any event, it did not create the alleged defect or have actual or constructive notice thereof. The Supreme Court granted the motion.

"Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury" (*Guidone v Town of Hempstead*, 94 AD3d 1054, 1055 [2012]; *see Rogers v 575 Broadway Assoc., L.P.*, 92 AD3d 857, 858 [2012]; *Sokolovskaya v Zemnovitsch*, 89 AD3d 918, 919 [2011]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Perez v 655 Montauk, LLC*, 81 AD3d 619, 619-620 [2011]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677, 678 [2009]).

Here, the evidence submitted by the defendant, including the transcripts of the deposition testimony of the parties and photographs of the sidewalk, was insufficient to demonstrate, prima facie, that the alleged defect was trivial, and did not constitute a trap or nuisance, and was, therefore, not actionable (*see Brenner v Herricks Union Free Sch. Dist.*, 106 AD3d 766,

767 [2013]; *Perez v 655 Montauk, LLC*, 81 AD3d 619 [2011]; *Corrado v City of New York*, 6 AD3d 380 [2004]; *see also Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447 [2008]; *Portanova v Kantlis*, 39 AD3d 731 [2007]). Moreover, the defendant failed to demonstrate, prima facie, that it lacked constructive notice of the alleged defect (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619-620 [2010]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.