Rosales v Five Star Carting, Inc. (2020 NY Slip Op 03934)





Rosales v Five Star Carting, Inc.


2020 NY Slip Op 03934


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14871
 (Index No. 511737/16)

[*1]Jesus Rosales, appellant, 
v
Five Star Carting, Inc., respondent.


Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Sarah Prager and Joseph Salvo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 7, 2018. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On April 22, 2016, between 9:00 and 9:30 a.m., the plaintiff allegedly was injured while attempting to descend from the defendant's dumpster using a set of three rungs on one side of the dumpster. According to the plaintiff, the bent condition of the top rung caused his left foot to slip and become stuck between the top rung and the dumpster. The plaintiff commenced this personal injury action against the defendant, and the defendant moved for summary judgment dismissing the complaint. In an order dated December 7, 2018, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 22), the defendant failed to establish its prima facie entitlement to judgment as a matter of law. The evidence submitted by the defendant in support of its motion, including a transcript of the plaintiff's deposition testimony and a photograph of the dumpster, failed to establish, prima facie, that the top rung of the dumpster was not in a hazardous condition (see Rogers v 575 Broadway Assoc., L.P., 92 AD3d 857, 858; see generally Burrell v New York City Tr. Auth., 151 AD3d 683, 684), or that the plaintiff did not know what caused him to fall (see Lamour v Decimus, 118 AD3d 851).
The defendant also failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition of the top rung of the dumpster. The defendant did not submit any evidence as to when the dumpster was last inspected prior to the incident, and given the photographic evidence, it cannot be said as a matter of law that the alleged hazardous condition was not visible and apparent, and had not existed for a sufficient length of time to afford the defendant [*2]a reasonable opportunity to discover and remedy it (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661-662; Ortiz v 82-90 Broadway Realty Corp., 117 AD3d 1016; Bolloli v Waldbaum, Inc., 71 AD3d 618). In addition, the defendant failed to establish, prima facie, that the plaintiff was the sole proximate cause of the accident (see Cupo v Karfunkel, 1 AD3d 48, 52).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court