Buckshaw v Oliver (2021 NY Slip Op 04746)





Buckshaw v Oliver


2021 NY Slip Op 04746


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-11583
 (Index No. 607446/17)

[*1]Ricky Alan Buckshaw, respondent,
v
Tammy Oliver, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Michael Siris], of counsel), for appellant.
Joann Peraino (Mary Ellen O'Brien, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered September 23, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2014, the plaintiff, a Nassau County police officer, allegedly was injured while responding to a request for assistance at the defendant's home. According to the plaintiff, while trying to restrain the defendant's son, the wall-to-wall carpeting in the defendant's living room shifted underneath him, causing him to lose his footing and injure his left knee. In July 2017, the plaintiff commenced this action against the defendant alleging, inter alia, that the defendant failed to maintain the walking surfaces and flooring of her home in a safe condition. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
Viewing the evidence in the light most favorable to the plaintiff (see Stukas v Streiter, 83 AD3d 18, 22), the defendant failed to establish her prima facie entitlement to judgment as a matter of law. The evidence submitted by the defendant in support of her motion, which included transcripts of the parties' deposition testimony, failed to establish, prima facie, that the subject carpet was not in a hazardous condition at the time of the plaintiff's accident (see Rosales v Five Star Carting, Inc., 185 AD3d 854, 855; cf. Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 770). Moreover, the defendant could not sustain this burden by pointing to gaps in the plaintiff's proof (see Kempf v Magida, 116 AD3d 736, 736).
As to notice, while the evidence submitted in support of the defendant's motion may have demonstrated, prima facie, that she did not have actual notice of the alleged hazardous condition of the carpet (see Koziar v Grand Palace Rest., 125 AD3d 607, 608), the defendant failed to establish, prima facie, that she lacked constructive notice of the alleged hazardous condition. "'A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable [*2]opportunity to discover and remedy it'" (Griffin v PMV Realty, LLC, 181 AD3d 912, 913, quoting Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507). As relevant here, the defendant, to meet her initial burden on the lack of constructive notice, had to present some evidence as to when the area in question was last inspected relative to the time when the plaintiff fell (see Anderson v United Parcel Serv., Inc., 194 AD3d 675; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Here, the defendant failed to offer any evidence as to when the carpet was last inspected (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661-662).
Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We deny the defendant's request, made at oral argument, for this Court to take judicial notice of an order of another court. This order, which the defendant relies upon to raise an affirmative defense, is not properly before this Court as it was neither submitted to the Supreme Court nor argued by the defendant in her appellate brief (cf. Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 126-128).
The defendant's remaining contention, having been raised for the first time in her reply to the plaintiff's opposition, is not properly before this Court.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court