Aguilar v Reback (2024 NY Slip Op 01787)

Aguilar v Reback

2024 NY Slip Op 01787

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-08142
 (Index No. 522131/19)

[*1]Paul Aguilar, respondent,
v
Scott Reback, et al., appellants.

Anna M. Andron, LLC (Rachel Schulman, Esq. PLLC, Great Neck, NY, of counsel), for appellants.
Rasco Klock Perez & Nieto, LLC, New York, NY (James Halter of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with business relations, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 28, 2021. The order denied the defendants' cross-motion for summary judgment dismissing the causes of action alleging tortious interference with business relations and to impose sanctions, and denied the defendants' motion to stay discovery pending determination of the cross-motion.
ORDERED that the appeal from so much of the order as denied the defendants' motion to stay discovery pending determination of the defendants' cross-motion for summary judgment dismissing the causes of action alleging tortious interference with business relations and to impose sanctions is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was an employee of the defendant Titan Motor Group, LLC (hereinafter Titan), which owns and operates multiple car dealerships in the New York City area. The defendant Scott Reback is the owner of Titan. The plaintiff commenced this action alleging, in effect, that the defendants tortiously interfered with business relations, in that, after the plaintiff's employment with Titan was terminated and he had procured job offers from three separate car dealerships not owned by Titan, the defendants intentionally and falsely informed those car dealerships that the plaintiff had stolen a car from Titan. As a result, the job offers were rescinded. Prior to the completion of discovery, the defendants cross-moved for summary judgment dismissing the causes of action alleging tortious interference with business relations and to impose sanctions. The defendants also moved to stay discovery pending determination of the cross-motion. The Supreme Court denied the cross-motion and the motion. The defendants appeal.
Since the defendants' cross-motion for summary judgment dismissing the causes of action alleging tortious interference with business relations and to impose sanctions has been [*2]decided, any determination by this Court with respect to the Supreme Court's denial of the defendants' motion, which sought a stay of discovery pending determination of the cross-motion, would be academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).
"To prevail on a claim for tortious interference with business relations in New York, a party must prove (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (Joseph v Fensterman, 204 AD3d 766, 771 [internal quotation marks omitted]; see Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47).
The defendants' submissions in support of the cross-motion failed to establish, prima facie, that the defendants did not tortiously interfere with the plaintiff's business relations. Moreover, the defendants could not sustain their burden by pointing to gaps in the plaintiff's proof (see Buckshaw v Oliver, 197 AD3d 691, 691; Kempf v Magida, 116 AD3d 736, 736). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the causes of action alleging tortious interference with business relations was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Fraud on the court involves wilful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process so serious that it undermines . . . the integrity of the proceeding" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [internal quotation marks omitted]). "Fraud on the court warrants heavy sanctions, including the striking of an offending party's pleadings and dismissal of the action" (id. at 319). "[I]n order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his [or her] adversary's defense of the action" (id. at 320 [internal quotation marks omitted]). Here, the defendants failed to establish by clear and convincing evidence that the plaintiff committed a fraud upon the court (see id.). Moreover, the defendants failed to demonstrate that sanctions should be imposed for frivolous conduct (see 22 NYCRR 130-1.1). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to impose sanctions.
CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court