Infantino v Wells (2025 NY Slip Op 04556)

Infantino v Wells

2025 NY Slip Op 04556

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-00366
 (Index No. 150888/21)

[*1]Carmela Infantino, appellant, 
v
Roberta Wells, respondent.

Chelli & Bush (Law Office of Michael James Prisco PLLC, Massapequa, NY, of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Brandon H. Weinstein and Monica Romero of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 3, 2023. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a brick walkway on the defendant's property. The defendant moved for summary judgment dismissing the amended complaint, contending that the condition that allegedly caused the plaintiff to fall was trivial and not actionable. In an order dated October 3, 2023, the Supreme Court granted the motion. The plaintiff appeals.
A property owner may not be held liable for trivial defects not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Brown v Villarba, 224 AD3d 652). "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Clarke v 90 S. Park Owners, Inc., 228 AD3d 722, 723 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; Haber v CVS Pharmacy, Inc., 217 AD3d 659). Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d at 977; Brown v Villarba, 224 AD3d at 652).
In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [*2][internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Clarke v 90 S. Park Owners, Inc., 228 AD3d at 722; Brown v Villarba, 224 AD3d at 653).
Here, the evidence submitted by the defendant, including the deposition testimony of the parties and photographs of the accident site, was insufficient to demonstrate, as a matter of law, that the alleged defect was trivial and, therefore, not actionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Sahni v Kitridge Realty Co., Inc., 114 AD3d 837, 838; Shmidt v JPMorgan Chase & Co., 112 AD3d 811, 812; Mishaan v Tobias, 32 AD3d 1000, 1001). In light of the defendant's failure to meet her initial prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court