(August 21, 2003)

■ LUZ GAUD, Respondent, v JULIA C. MARKHAM, Appellant. [764 NYS2d 241] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about October 29, 2001, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff was injured when, at about 4:00 P.M. on a day in August, she lost her footing on a concrete stairway landing at the entrance to defendant's building. Plaintiff fell after stepping into a defective area on the surface of the landing, where the top layer of concrete had been scraped off. The defective area was substantially less than an inch deep, and covered an area approximately one foot long and four or five inches across. Although the natural import of plaintiff's deposition testimony was that she had slipped on granular material collected in the defective area, she expressly disclaimed that position in her affidavit opposing defendant's summary judgment motion, in which she averred that she "was caused to trip and fall" when her foot "got stuck" in the defective area.

Based on the record before us, and on plaintiff's present theory of how the accident occurred, defendant is entitled to summary judgment. The defect to which plaintiff now attributes the accident—the height differential of less than an inch be-

tween the defective area and the rest of the landing—was trivial, and plaintiff has not presented any evidence to show that such defect presented a significant hazard, notwithstanding its minimal dimension, by reason of location, adverse weather or lighting conditions, or other circumstances giving it the characteristics of a trap or snare (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Belmonte v Metropolitan Life Ins. Co.*, 304 AD2d 471, 474 [2003]; *Menendez v Dobra*, 301 AD2d 453 [2003]; *Thomas v City of New York*, 301 AD2d 387 [2003]; *Alonso v New York City Tr. Auth.*, 298 AD2d 311 [2002]). We note that the trivial defect argument was properly raised in defendant's reply papers in further support of the motion for summary judgment, since plaintiff first asserted in her opposition papers that she lost her footing due to the height differential at the edge of the defective area.

The dissent does not address our view that, in view of all the evidence (including the photographs in the record and the fact that the accident occurred in summer during the daytime), the height differential between the defective area and the rest of the landing—the only defective feature of the landing to which plaintiff now attributes her accident—was trivial as a matter of law. Rather, the dissent would deny defendant summary judgment on the basis of (1) the area covered by the defective landing surface, and (2) the possibility that "plaintiff lost her footing due to loose pieces of cement." The dissent thus overlooks the fact that plaintiff herself has repudiated the position that she slipped on granular material collected within the defective area, and now attributes her accident precisely and solely to the height differential. Indeed, plaintiff specifically states in her affidavit that her deposition testimony "should not be interpreted to mean that I slipped on the sand and paint chips that were on the broken part of the landing." Further, the dissent adduces nothing in the record to support its speculation that plaintiff may have tripped on something that "was possibly concealed by loose cement pieces intermixed with crumbled sandy cement." Certainly, the notion that the height differential was "concealed" by the granular material finds no support in the photographs in the record, in which the slight height differential at the edges of the defective area of the landing is readily apparent.

In view of plaintiff's present account of the incident, the quantity of defective surface area is irrelevant to the causation of her accident, and the viability of her action depends entirely on the height differential. Since we see no evidence, and the dissent points to none, that would support the conclusion that

the height differential was nontrivial under applicable precedent, we conclude that defendant is entitled to summary judgment. Concur—Buckley, P.J., Andrias, Williams and Friedman, JJ.

Tom, J., dissents in a memorandum as follows: Since I conclude that these facts and circumstances present unresolved factual issues, I would affirm to deny defendant's motion for summary judgment. The majority concludes that the alleged defect was trivial as a matter of law. However, as I review the present record including the photographic evidence, the basis for that characterization is less than dispositive. Hence, I respectfully dissent.

The analysis of the record on appeal from denial of defendant's motion for summary judgment on this particular issue is governed by well-established principles of law. Whether defects are trivial is generally a matter for a jury, and "a mechanistic disposition of a case based exclusively on the dimension of the sidewalk defect is unacceptable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]). Rather, whether a dangerous or defective condition exists on the premises so as to create liability invariably turns on the facts and circumstances of each particular case (*id.*). These include the width, depth, elevation, irregularity and appearance of the defect, as well as considerations of time and place and other circumstances to the extent they are relevant to any particular case (*id.* at 978).

Plaintiff is a mail carrier. The building in question is a private three story brownstone-style dwelling, with an elevated first floor accessible only by a cement staircase. The staircase consists of an initial two steps terminating in a square landing, then four more steps rising from the landing at a right angle to another landing, with another five steps rising to another landing in front of the doorway. Photographs are provided in the record. The relevant location is the lower landing, two steps above the street.

The photographs show extensive erosion of the landing and do not support the majority's characterization of the defect as "trivial." While the majority focus primarily on the height differential of less than an inch created by the defect, the photographs show that a large part of the cement landing was eroded and chipped with uneven depression throughout the defective area. This defective area covers almost the entire width of the landing and at a location where one must traverse to reach the next level. As plaintiff stepped up to the lower landing, and placed her left foot onto the landing, her right foot proceeded toward the platform, and she fell forward. She

had not looked at the landing as she tried to ascend; rather, she had looked toward the steps she was about to climb. After falling, she noticed a sand-like material on the landing. She described this as similar to "paint scratch cement," and it had the color of the stairs. She averred that the front of her right foot got stuck in a defect in the landing, in a location where the top layer of concrete had been missing. The evidence adduced at the deposition conducted by defense counsel is not dispositive. It seems that, inarticulately, plaintiff seemed to be describing a trip occasioned when her right foot moved along the landing, intending to rise to get to the next step, but it got caught by something in the cement which was possibly concealed by loose cement pieces intermixed with crumbled sandy cement.

The condition of the surface as it pertained to the accident remains unresolved. This is not just a case of a slight defect, as it is characterized by the majority, which under ordinary circumstances would not be so dangerous as to make an accident reasonably foreseeable. Rather, these facts, prima facie, present a possibility that the defect was extensive and dangerous. While the height differential of the defect appeared minimal, a factual issue remains as to whether plaintiff lost her footing due to loose pieces of cement on a large part of a landing which one must cross to gain entry or whether the defect was so minor as to warrant judgment for the premises owner. Further, the defective condition appeared to have existed for a substantial period of time, thus putting the owner on notice.