■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BARNELL, Also Known as RANDALL BENNETT, Appellant. [974 NYS2d 883]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Eugene Oliver, Jr., J.), rendered on or about February 2, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.

■ JOSEPH BUDANO, Appellant, v ANDREW GURDON, Respondent. [973 NYS2d 175]—Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 28, 2012, which, in an action for personal injuries allegedly sustained when plaintiff slipped and fell as he ascended the stairs in defendant's building, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established his entitlement to judgment as a matter of law. Defendant submitted, inter alia, photographs of the subject step and staircase, showing that the claimed defect, a worn and slippery step, was too trivial to be actionable (*see Cintron v New York City Tr. Auth.*, 77 AD3d 410, 411 [1st Dept 2010]; *Gaud v Markham*, 307 AD2d 845 [1st Dept 2003]; *Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2d Dept 2006]). Defendant also demonstrated that there were a lack of prior complaints or injuries relating to the step (*see Santiago v United Artists Communications*, 263 AD2d 407 [1st Dept 1999]).

In opposition, plaintiff failed to raise a triable issue of fact. His affidavit, wherein he states that the loose handrail and inconsistent stair dimensions contributed to his inability to prevent his fall, was inconsistent with his testimony that he simply slipped (*see Gemini v Christ*, 61 AD3d 477 [1st Dept 2009]). Moreover, the findings of plaintiff's expert concerning uneven riser heights and a loose handrail were insufficient to connect plaintiff's fall to any purported defect in the risers (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [1st Dept 2010]). Concur—Gonzalez, P.J., Tom, Saxe, Manzanet-Daniels and Gische, JJ.