Reid v 645 LLC (2023 NY Slip Op 01854)

Reid v 645 LLC

2023 NY Slip Op 01854

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 29386/17E Appeal No. 17643 Case No. 2022-03649 

[*1]Chantay Reid, Plaintiff-Appellant,
v
645 LLC, et al., Defendants-Respondents.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for 645 LLC, respondent.
Miranda Slone Sklarin Verveniotis, Mineola (Laura Alto of counsel), for 1701 Grocery Corp., respondent.

Order, Supreme Court, Bronx County (Adrian N. Armstrong, J.), entered on or about March 4, 2022, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell off a semi-circular platform or step outside defendant's grocery store because the platform was smaller than the swing of the door, in violation of Administrative Code of the City of New York § 27-371 (h).
Supreme Court correctly found that defendants established prima facie through the affidavit of an expert who inspected the premises and reviewed photographs, that the platform complied with the Code and that, in opposition, plaintiff failed to raise an issue of fact through the affidavit of her expert. While plaintiff's expert found that the floor extending out on both sides of the door was just 28 ½ inches, which was less than the width of the door leaf, that is not where plaintiff fell and any such violation was not a proximate cause of the accident (Ridolfi v Williams, 49 AD3d 295, 296 [1st Dept 2008]). To the extent plaintiff's expert averred that the spot where plaintiff fell was also just 28 inches wide, he did not provide a photograph showing that measurement, and the photograph that plaintiff marked clearly showed that the door leaf or swing of the door did not extend past the edge of the platform, and thus was not an actionable defect (see Budano v Gurdon, 110 AD3d 543 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023