Mejias v Basch (2025 NY Slip Op 06137)

Mejias v Basch

2025 NY Slip Op 06137

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 811811/22|Appeal No. 5116|Case No. 2025-00222|

[*1]Julie Mejias, Plaintiff-Respondent-Appellant,
v
Linda Basch, Defendant-Appellant-Respondent.

Law Offices of Jonathan Ivezaj, New York (Lynne M. Nolan of counsel), for appellant-respondent.
Kenneth J. Ready & Associates, Mineola (John F. Ready of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about December 11, 2024, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's motion for partial summary judgment, unanimously modified, on the law, to grant defendant's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
The record demonstrates that the alleged defective condition was trivial and thus not actionable as a matter of law (Iverson v Sayaegh, 106 AD3d 420, 421 [1st Dept 2013]). The 7/8-inch height differential between defendant's kitchen tile floor and the door saddle is readily discernible from the photographs authenticated by plaintiff, and the alleged defect had none of the characteristics of a trap or snare (see Hall v New Way Remodeling, Inc., 168 AD3d 620 [1st Dept 2019]; Figueroa v Haven Plaza Hous. Dev. Fund Co., 247 AD2d 210 [1st Dept 1998]; see also Gaud v Markham, 307 AD2d 845, 845-846 [1st Dept 2003]). Plaintiff's deposition testimony established that she was not distracted and could see the door saddle before the accident. Plaintiff had repeatedly walked over the saddle in the days leading up to her accident and had noticed the raised condition of the door saddle (see Florsheim v Marriott Intl., Inc., 213 AD3d 554, 555 [1st Dept 2023], lv denied 39 NY3d 916 [2023]). Defendant was not required to provide an expert's affidavit to make a prima facie showing that the height differential was trivial (see e.g. Hargrove v Baltic Estates, 278 AD2d 278, 278 [2d Dept 2000]).
The affidavit of plaintiff's professional engineer opining that "surrounding circumstances, such as inadequate lighting and lack of visual enhancements" to alert plaintiff of the height differential contributed to the accident is speculative and failed to raise a triable issue of fact. Plaintiff testified that she fell because the door saddle was too high, not because the lighting was inadequate (see Sarmiento v C & E Assoc., 40 AD3d 524, 526 [1st Dept 2007]).
The averment of plaintiff's professional engineer that New York City Building Code § 1010.1.7, which requires that thresholds at doorways shall not exceed 1/2 inch above the finished floor, is applicable to defendant's home purchased in 1980 was unsupported. "Existing buildings are generally exempt from the provisions of the current [New York City Building Code] unless there is substantial renovation or change in use" (Matter of West 58th St. Coalition, Inc. v City of New York, 188 AD3d 1, 4 [1st Dept 2020], mod on other grounds 37 NY3d 949 [2021]). Defendant testified that the linoleum flooring adjacent to the door saddle was changed to tile in the "late" 1990s. However, plaintiff's professional engineer made no showing that changing the flooring constituted a substantial renovation or change in use causing the 2008, 2010, and 2022 Building Codes to apply.
Because the height differential is not actionable, it is irrelevant whether defendant had actual or constructive notice of the condition (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 80 [2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025